IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| STEVE ALLEN BRADEN, | ) | |
|---|---|---|
| Movant, | ) ) ) | Case No. 3:11-01006 |
| | ) | Judge Haynes |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM

Movant, Steve Allen Braden, filed this action under 28 U.S.C. § 2255 seeking to vacate his convictions for possessing a firearm as a convicted felon, possessing five or more grams of cocaine base and a quantity of cocaine with the intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. United States v. Braden, No. 3:08-cr-00148 (M.D. Tenn.). The Court sentenced Movant, a career offender, to an effective sentence of 45 years and eight years supervised release. Movant appealed and on October 28, 2010, the Sixth Circuit affirmed Movant's convictions.

In his amended motion[1] Movant asserts the following claims: (1) that his conviction and sentence is void or unconstitutional because 18 U.S.C. 922(g)(1) is not valid regulation of interstate commerce and the Government failed to prove that the firearm at issue moved in interstate

---

[1]Rule 15 of the Federal Rules of Civil Procedure applies to a habeas proceeding. Mayle v. Felix, 545 U.S. 644, 649 (2005); Rule 6(a), Rules Governing Section 2254 Cases. Under Fed. R. Civ. P. 15 (a), the filing of an amended complaint supersedes the prior complaint. Clark v. Tarrant County, 798 F.2d 736, 740-41 (5th Cir. 1986). Thus, the Court deems the amended petition to supersede the pro se petition and the claims therein. Unless adopted and supported by legal memorandum, the Court deems the claims in the pro se and first amended petition to be waived.

commerce; (2) that the Court's jury instructions on the necessary proof of interstate commerce were improper; (3) that his sentence is unconstitutional because his previous convictions were not found by a Grand Jury nor alleged in the indictment nor found by the Petit Jury beyond a reasonable doubt; (4) that the Court failed to make the requisite findings on Movant's prior qualifying felony convictions and thus, improperly sentenced Movant under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1); and (5) that Movant's trial counsel was ineffective.

As to Movant's first claim, at trial, Wayne Kilday, Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives testified that the weapon named in the indictment, the Kimber, .45 caliber pistol was "manufactured in Yonkers, New York." United States v. Braden, 3:08-cr-00148, Docket entry No. 123, Trial Transcript at 188. According to Kilday, the Mossberg 500, was "made in North Haven, Connecticut." Id. at 190. "[A] conviction under the felon-in-possession statute is justified if, as it did here, the firearm had previously traveled in interstate commerce." United States v. McBee, 295 F. App'x 796, 798 (6th Cir.2008) ; see also United States v. Shambry, 392 F.3d 631, 634, n. 1 (3rd Cir. 2004) and cases cited therein (holding the interstate nexus element satisfied where the firearm is manufactured in a state other than where the possession occurred). The Court concludes this claim lacks merit and Movant's counsel was not ineffective for failing to present this claim. Harris v. United States, 204 F.3d 681, 683 (6th Cir. 2000).

Movant next contends that the Court's jury instructions "created a mandatory presumption that if the jury were to find a firearm 'crossed a state line' that the prosecution had conclusively proven the necessary element of 'in and affecting interstate commerce'" and that this caused impermissible burden shifting. (No. 3:11cr-1006, Docket Entry No. 33, Amended 2255 Motion at 4). The Court's instruction on this issue was as follows:

2

> For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt: The Defendant has previously been convicted of a crime punishable by imprisonment for more than one year; (2) the Defendant, following his conviction, knowingly possessed a firearm specified in the Second Superseding Indictment; that is, (1) a Kimber, Model Pro CDP, 45-caliber pistol; (2) a Mossberg Model 500A, 12-gauge shotgun; and/or (3) a BFI (Bushmaster Firearms Industries), Model M17S, .223-caliber rifle; the specified firearm(s) crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Tennessee. I also instruct you that in order to find the Defendant guilty of Count 1, you must unanimously agree on which one or more of the firearms were involved: a Kimber, Model Pro CDP, 45-caliber pistol; a Mossberg, Model 500A, 12-guage shotgun; or (3) a BFI (Bushmaster Firearms Industries), Model MI7S, .223-caliber rifle. If you cannot agree in this manner, you must find the Defendant not guilty of Count 1.

United States v. Braden, 3:08-cr-00148, Docket Entry No. 129, Transcript at 12-13.

This instruction mirrors the modern Sixth Circuit Pattern Jury Instruction and is a correct statement of the law. The Court instructed the jury the proof had to establish that the firearm was manufactured in another state prior to its arrival in Tennessee. If so, sufficient evidence existed for the jury to find that the firearm traveled in interstate commerce. The Court concludes that there is not any error in this instruction nor any basis for an ineffective assistance of counsel claim based on this instruction.

Movant's next claim challenges his sentence as invalid and unconstitutional "because he was sentenced under 18 U.S.C. § 924(e)(1) for allegedly having three previous convictions, but none of those alleged prior convictions were found by a Grand Jury, alleged in the indictment, or found by the petit jury beyond a reasonable doubt, all in violation of the Fifth and Sixth Amendments of the United States Constitution and Apprendi v. New Jersey, 530 U.S. 466 (2000)." (3:11cv1006, Docket Entry No. 33, Amended 2255 Motion, at 4). In Apprendi, the Supreme Court held that *"[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed

3

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490 (emphasis added). Moreover, Almendarez-Torres v. United States, 523 U.S. 224 (1998), continues to apply to recidivist enhancements. Movant cites United States v. Alleyne, 457 Fed. Appx. 348 (4th Cir. 2011), but the Sixth Circuit has determined that Almendarez-Torres remains good law. See e.g. United States v. Mack, 729 F.3d 594, 609 (6th Cir. 2013); United States v. Cooper, 739 F.3d 873, 884 (6th Cir. 2014). Thus, this Court concludes that Movant was properly sentenced as an Armed Career Criminal.

As to the Court's failure to make specific factual findings on the necessary elements in 18 U.S.C. § 924(e)(1) to sentence Movant from fifteen (15) years to life." (Docket Entry No. 33, Amended 2255 Motion, at 5), here, Movant never contested his prior convictions in his presentence report nor challenged these prior convictions as predicate offenses under 18 U.S.C. § 924(e)(1). United States v. Braden, 3:08-cr-00148, Docket Entry No. 122, Sentencing Transcript). Movant's qualifying convictions included robbery, for which Movant was sentenced to six years incarceration, and two separate counts of aggravated assault, for which Movant was sentenced to four years incarceration on each count. Those offenses are clearly violent felonies as contemplated by 18 U.S.C. § 924(e)(1). Thus, the Court concludes that Movant's sentence is valid and any claim that Movant's trial counsel erred in failing to raise this claim lacks merit.

Accordingly, the Court concludes that Movant's motion to vacate, set aside, or correct sentence should be denied and this action should be dismissed.

An appropriate Order is filed herewith.

ENTERED this the 29th day of October, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge